IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100049-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (May 3, 2012) |
| Craig Veale, | ) | |
| | ) | 2012 UT App 131 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 021913456
The Honorable Anthony B. Quinn

Attorneys:    Robert L. Donohoe, Salt Lake City, for Appellant
              Mark L. Shurtleff and Christine F. Soltis, Salt Lake City, for Appellee

-----

Before Judges McHugh, Davis, and Thorne.

THORNE, Judge:

¶1     Defendant Craig Veale appeals from his jury conviction of manslaughter, a
second degree felony, in violation of Utah Code section 76-5-205. *See* Utah Code Ann.
§ 76-5-205 (Supp. 2011).[1] Specifically, Veale challenges the sufficiency of the evidence
presented at trial to support the jury's finding that Veale recklessly caused the death of
the victim. In addition he raises an ineffective assistance of counsel claim.

_____

[1]Because the relevant portions of the current version of Utah Code section 76-5-
205 are identical to the version in effect at the time of Veale's actions, we cite the current
code for the convenience of the reader. A 2010 amendment added subsection (3), a
penalty enhancement for circumstances not present in this case. *See* Utah Code Ann.
§ 76-5-205 (amend. notes) (Supp. 2011).

## I. Insufficiency of the Evidence

¶2     Veale argues that the evidence presented at trial is not sufficient to support his manslaughter conviction, a lesser included offense of murder, the crime he was originally charged with committing. In particular, Veale specifically asserts there is no evidence that he was aware of the risk he was taking or that he consciously disregarded said risk. Veale therefore contends that it was unreasonable for the jury to find that he acted recklessly, a required element for this manslaughter conviction. *See id.* § 76-5-205(1)(a). As a general rule, we will not consider a defendant's sufficiency of the evidence claim if the defendant has failed to raise it before the trial court. *See State v. Holgate*, 2000 UT 74, ¶¶ 11, 14, 10 P.3d 346. Veale did not challenge the sufficiency of the manslaughter evidence either before or after the jury verdict. Rather, Veale asked the trial court to instruct the jury on the lesser charge of manslaughter and dismiss the murder charge.[2] Because Veale did not raise his sufficiency of the evidence claim with respect to manslaughter before the trial court, we determine that Veale did not preserve this issue. "Under ordinary circumstances, we will not consider an issue brought for the first time on appeal unless the trial court committed plain error or exceptional circumstances exist." *State v. Pinder*, 2005 UT 15, ¶ 45, 114 P.3d 551 (internal quotation marks omitted). Veale argues neither plain error nor exceptional circumstances in his brief on appeal, so we do not address his insufficiency of the evidence claim further.

## II. Ineffective Assistance of Counsel

¶3     Veale also argues that his defense counsel provided ineffective assistance by failing to object to the medical examiner's detailed and gruesome testimony about the victim's wounds including the introduction of a Styrofoam head depicting the location of the victim's injuries. According to Veale this evidence was unnecessary because the

---

[2]After the State's case-in-chief, Veale moved to dismiss the murder charge based on insufficient evidence to establish an intentional killing and implied that there was sufficient evidence to support a jury instruction on the lesser included offense of manslaughter. Specifically, Veale's trial counsel stated, "So [for] purposes [of] what goes to the jury, Judge, we would ask that you change [the charge] to a manslaughter, based on reckless use of a firearm." The trial court denied Veale's motion to dismiss the murder charge but ultimately instructed the jury on manslaughter.

cause of the victim's death was not at issue and the use of the Styrofoam head was, therefore, unfairly prejudicial.

¶4 "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Pedersen*, 2010 UT App 38, ¶ 9, 227 P.3d 1264 (internal quotation marks omitted). Veale can prevail on his ineffective assistance claim if he can "show that [(1)] his trial counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and [(2)] that the deficient performance prejudiced the outcome of the trial." *State v. Bryant*, 965 P.2d 539, 542 (Utah Ct. App. 1998) (internal quotation marks omitted). "Failure to establish either prong is fatal to [Veale's] ineffective assistance claim." *Pedersen*, 2010 UT App 38, ¶ 13.

¶5 To satisfy the first part of the test, Veale "must overcome the strong presumption that [his] trial counsel rendered adequate assistance by persuading the court that there was no conceivable tactical basis for counsel's actions." *State v. Millard*, 2010 UT App 355, ¶ 14, 246 P.3d 151 (alteration in original) (internal quotation marks omitted). Here, before trial, defense counsel filed a Motion in Limine to Exclude Gruesome Photographs arguing that any probative information derived from the photographs could be established by less inflammatory means such as lay or expert witness testimony.[3] The prosecutor intended to use the photographs to elicit information pertaining to the circumstances of the shooting to prove the intent necessary to establish the charged crime of murder. The record does not reflect that the trial court ruled on the motion in limine. The prosecutor, however, chose not to introduce the photographs at trial. Instead, the testimony of the medical examiner included the use of a Styrofoam head to facilitate her description of the victim's injuries and their significance in determining the position of Veale and the weapon in relation to the victim. Under these circumstances, it was reasonable for defense counsel to choose not to object to this evidence. Because Veale has not overcome the strong presumption that his defense counsel rendered adequate assistance by persuading us that there was no conceivable tactical basis for counsel's actions, he does not satisfy the first part of the test. It is not necessary to address both parts of the test when the defendant makes an insufficient showing on one. *See id.* ¶ 15. Therefore, Veale's ineffective assistance of counsel claim fails.

---

[3]Defense counsel filed the motion in limine on June 18, 2003. The court held a two-day jury trial on June 26 and 27.

¶6     Veale failed to preserve his insufficiency of the evidence issue below and argues neither plain error nor exceptional circumstances on appeal.  As such, we do not address this claim.  Additionally, defense counsel's failure to object to the introduction of the medical examiner's use of a Styrofoam head was a reasonable trial strategy.  As a result, Veale cannot satisfy the first part of his ineffective assistance of counsel claim, failure of which is fatal to his claim.

¶7     Accordingly, we uphold Veale's manslaughter conviction.

_____
William A. Thorne Jr., Judge

-----

¶8     WE CONCUR:

_____
Carolyn B. McHugh,
Presiding Judge

_____
James Z. Davis, Judge